# EXHIBIT 2

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | Within 30 days of service |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____
_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

                                                    *Server's signature*

                                                    *Printed name and title*

                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION, UNDER 28 U.S.C. § 1782, OF PUBLIC JOINT STOCK COMPANY NATIONAL BANK TRUST | 23 Misc. _____ |

**ATTACHMENT A**

You should respond to this subpoena in accordance with the following definitions and instructions and with respect to the following document requests, as set forth below.

**Definitions and Instructions**

1. "Communications" means any disclosure, transfer, or exchange of information or opinion, however made.

2. "Concerning" means alluding to, commenting on, comprising, concerning, considering, consisting of, constituting, containing, describing, discussing, embodying, evidencing, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, or being in any way logically connected with the matter discussed, in whole or in part, directly or indirectly, as the context makes appropriate.

3. "Dana Overseas Limited" means Dana Overseas Limited, a company incorporated on December 17, 2013 and existing under the laws of the British Virgin Islands, company number 1803345.

4. "Garland Solutions Limited" means Garland Solutions Limited, a company incorporated on May 15, 2015 and existing under the laws of the British Virgin Islands, company number 1874712.

5. "Reachway Overseas Limited" means Reachway Overseas Limited, a company incorporated on June 18, 2013 and existing under the laws of the British Virgin Islands, company number 1778845.

6. "Documents" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, that is in your possession, custody, or control.

7. "You" or "your" means and includes Bank of New York Mellon and any agents or persons acting on your behalf or under your control.

8. In construing these requests, the following rules shall apply:

   a. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as being outside of its scope.

   b. "Any" as used herein includes the word "all," and the word "all" as used herein includes the word "any."

   c. "All shall be construed to include the word "each," and the word "each" shall be construed to include the word "all."

   d. "Each" as used herein includes the word "every," and the word "every" as used herein includes the word "each."

   e.  "Including" shall mean "including, but not limited to."

   f.  The singular shall include the plural, and vice versa.

 9. All defined terms shall be given their defined meaning whether or not they are capitalized.

 10. These requests shall be deemed continuing so as to require prompt supplemental responses if you discover any additional documents responsive to these requests.

 11. The documents requested herein are to be produced as they are kept in the usual course of business, or organized and labeled to correspond to the numbered paragraphs and//or categories of particular requests.

 12. If any portion of a document is responsive to a request, you must produce the entire document.

 13. For each document responsive to this request withheld under a claim of privilege, you must provide the following information in a privilege log that shall be produced along with all other responsive Documents:

   a.  The nature and basis of the privilege which is being claimed and, if applicable, the rule or law allegedly governing such claim;

   b.  The type of document;

   c.  The general subject matter of the document;

   d.  The date of the document; and

   e.  Such other information as is sufficient to identify the document and establish the privilege claimed, including, where appropriate, the document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

14. In the event that you do not have documents within your possession, custody, or control that are responsive to any particular request set forth below, your response to such request shall specifically state that you have no responsive documents within your possession, custody, or control, regardless of whether or not you also interpose any objection to such request.

15. As part of this process, you must preserve or suspend from deletion, overwriting, modification, or other destruction all documents and communications in your possession, custody, or control that are relevant to these requests or to the above-captioned matter, including all paper and electronic documents and communications. If you are unsure whether certain documents or communications are relevant, you should preserve them.

## **Requests**

1. Copies of any and all orders, instructions, or wire transfers, where the paying or receiving party was Dana Overseas Limited, in an amount equal to or exceeding $50,000, where you acted as either the direct transfer bank or as the intermediary or correspondent bank, from June 1, 2013, to September 30, 2017.

2. Copies of any and all orders, instructions, or wire transfers, where the paying or receiving party was Garland Solutions Limited, in an amount equal to or exceeding $50,000, where you acted as either the direct transfer bank or as the intermediary or correspondent bank, from June 1, 2013, to September 30, 2017.

3. Copies of any and all orders, instructions, or wire transfers, where the paying or receiving party was Reachway Overseas Limited, in an amount equal to or exceeding $50,000, where you acted as either the direct transfer bank or as the intermediary or correspondent bank, from June 1, 2013, to September 30, 2017.