

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
United States

+1 212-506-5000

[orrick.com](orrick.com)

March 30, 2023

*Via ECF*

**Darrell S. Cafasso**

E dcafasso@orrick.com
D +(212) 506-3618

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re:   *In re* Ex Parte *Application of Public Joint-Stock Company National Bank Trust*, Case No. 1:23-mc-00006-PGG

Dear Judge Gardephe:

We represent Louis Dreyfus Company Suisse SA and Louis Dreyfus Company Asia PTE Ltd. (collectively, "LDC"), which are apparent targets of threatened foreign litigation by Public Joint-Stock Company National Bank Trust ("NBT") based on the assertions in the above-referenced *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "Application"). We respectfully request an opportunity to be heard before the Court acts on the Application on an *ex parte* basis.[1]  In so doing, we join the request of Cargill, Incorporated, another identified target of the contemplated foreign litigation, which likewise seeks an opportunity to be heard on the Application.  (*See* ECF No. 8.)

NBT asks the Court to authorize subpoenas to six banks (the "Recipients") broadly requesting production of all orders, instructions, or wire transfers equal to or exceeding $50,000 over a period of more than four years for which the Recipients acted as the intermediary or correspondent bank and in which the transaction's paying or receiving party was one of the entities

---

[1] By submitting this letter or any other submission in opposition to the Application, LDC does not consent to the Court's general jurisdiction with regard to any substantive claims that NBT intends to file against LDC and other parties.  LDC does not waive any applicable defense, including but not limited to objections based on jurisdiction, and reserves all rights.

listed on the proposed subpoena. The subpoenas, if issued, would permit NBT to obtain confidential financial information regarding several LDC entities, which NBT has asserted it would use in an action that it may file against LDC and others in the British Virgin Islands ("BVI"), but which NBT also could use for any purpose.

The Court should deny the Application because it does not satisfy the statutory requirements of § 1782, and in any event, the Court should exercise its discretion not to grant the Application in accordance with the factors set forth in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004). Among other issues, the Application has the fundamental problems that a BVI court would not have jurisdiction over the claims that NBT has indicated it plans to bring, and even if jurisdiction were to be found, applicable sanctions may foreclose the ability of NBT—which is owned by the Central Bank of the Russian Federation—to proceed with its action. Therefore, NBT cannot carry its burden to "establish that [it] has the practical ability to inject the requested information into a foreign proceeding," as required by § 1782's "for use" requirement. *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 133 (2d Cir. 2017); *see also IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 680 (2d Cir. 2022) (reversing grant of § 1782 application where applicant "has not provided a sufficient basis to conclude that it would be able to" "clear a series of procedural hurdles under Cayman law before it can present any evidence to a Cayman court"). In all events, given that NBT will face serious jurisdictional challenges to any attempt to bring its contemplated litigation in the BVI, this Court need not even delve into these issues at this time. If LDC and other contemplated targets are successful in defeating any assertion of jurisdiction in the BVI, then the Application will become moot. Thus, in the interests of efficiency and judicial comity, the Court may defer a decision on the Application unless and until NBT actually files a claim in BVI, and a BVI court determines that NBT's contemplated claims may go forward in that forum, at which time NBT can pursue the Application.

LDC respectfully requests that the Court refrain from granting the Application on an *ex parte* basis and, instead, enter a briefing schedule providing LDC the opportunity to intervene and be heard in opposition to the Application within thirty days of entry of such schedule, with appropriate dates for NBT to respond and LDC to reply.

Respectfully Submitted,

*/S/ Darrell S. Cafasso*

Darrell S. Cafasso

Orrick, Herrington & Sutcliffe LLP