Evan Glassman
+1 212 506-3909 direct
eglassman@steptoe.com



1114 Avenue of the Americas
New York, NY  10036-7703
212 506 3900 main
www.steptoe.com

June 30, 2023

<u>Via ECF</u>

Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *In re* **Ex Parte** *Application, Under 28 U.S.C. § 1782, of Public Joint Stock Company National Bank Trust*, **Case No. 23-mc-00006-PGG**

    ***Cargill, Incorporated v. Public Joint Stock Company National Bank Trust*, Case No. 23-mc-00134-PGG**

Dear Judge Gardephe:

  This firm represents Public Joint Stock Company National Bank Trust ("NBT") in connection with the above-referenced matters. We write concerning the recent papers filed by Louis Dreyfus Company Suisse SA, Louis Dreyfus Company Asia PTE Ltd., Louis Dreyfus Company Trading & Service Co. SA, and Cargill, Incorporated (collectively, the "Movants") on June 23, 2023, in connection with their pending motions relating to NBT's application to take discovery pursuant to 28 U.S.C. § 1782. *See* Case No. 23-mc-00006-PGG, ECF No. 24; Case No. 23-mc-00134-PGG, ECF No. 19.

  The Movants make new arguments and seek new relief (*i.e.*, a stay of discovery in the United States pending resolution of various disputed issues in the BVI court) in what are nominally their reply papers in support of motions seeking other relief. The Movants originally argued that NBT did not actually intend to initiate proceedings in the BVI, when in fact NBT has already done so, and it is uncontested that the BVI court would accept and consider evidence in that proceeding.[1] Undeterred, the Movants now argue that because there are contested jurisdictional issues that could theoretically result in the disposition of the BVI proceeding, the Section 1782 application should be denied or deferred until such contested issues have been resolved. This is not what Section 1782 requires.

  NBT believes that this Court need not consider the Movants' jurisdictional arguments in affirming its prior grant of the Section 1782 application. However, it is worth emphasizing that the BVI court has already made a threshold determination that the requirements for service out of

---

[1] *See, e.g.,* Case No. 23-mc-6, ECF No. 23 at ¶¶ 15-17; Case No. 23-mc-6, ECF No. 20 at 3-4.

Hon. Paul G. Gardephe
Page 2 of 2
June 30, 2023

the BVI (including jurisdiction) are satisfied, and has authorized NBT to serve the proceedings on the foreign defendants.[2]  Those defendants may still attempt to contest jurisdiction, but this will be a disputed issue of BVI law to be resolved by the BVI court.[3]

However, to the extent that this Court is inclined to consider the Movants' new theories and requested relief, NBT respectfully requests an opportunity to respond to those submissions in a brief sur-reply. Additionally, to the extent that this Court would find any additional information about the underlying jurisdictional issue to be helpful in its resolution of the pending motions, NBT would be prepared to submit a supplemental declaration pursuant to the Court's guidance.

We are grateful for your continued consideration and courtesies in this matter.

Best regards,

*/s/ Evan Glassman*

Evan Glassman

CC: Counsel of Record

**MEMO ENDORSED:  The application is granted.  NBT's sur-reply is due by July 13, 2023 and will not exceed 10 double-spaced pages.**

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Date:  July 5, 2023

---

[2] *See* Case No. 23-mc-6, ECF No. 23 at ¶¶ 17-18.

[3] The principal case relied upon by Cargill, Erste Group Bank AG v JSC "VMZ Red October", is an English case which its own declarant acknowledges is not binding authority in the BVI. *See* Case No. 23-mc-134, ECF No. 20, at ¶ 5 n.3 (opining that *Erste* "will be persuasive authority in the BVI").